IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NANCY E. BARRONE,                          Civ. No. 06-892-HO

        Plaintiff,                     ORDER

  v.

Commissioner of Social Security,

        Defendant.

Plaintiff filed this action for review of the decision of the Commissioner denying her application for disability insurance benefits. For the reasons discussed below, the decision of the Commissioner is affirmed.

## Discussion

Plaintiff contends the administrative law judge (ALJ) erred by failing to (1) find she suffered from pulmonary hypertension prior to December 31, 2000, her date last insured, (2) apply Social Security Ruling 83-20 stating the policy and evidence to be considered in determining the onset date of disability, (3)

credit her testimony, and (4) credit the opinion of her treating physician. Plaintiff further contends that as a result of these errors, the ALJ erroneously determined that as of her date last insured, plaintiff could perform past relevant work and other jobs existing in significant number in the national economy and constituting substantial gainful activity.

The ALJ stated clear and convincing reasons supported by substantial evidence for her finding that plaintiff's testimony is partially credible. The ALJ accurately reported the inconsistencies in plaintiff's testimony and vocational and medical evidence regarding plaintiff's activities and vocational history. (Tr. 21). Contrary to plaintiff's contention, the ALJ discussed the evidence of plaintiff's December 1999 complaint of fatigue and accurately interpreted the evidence in concluding that plaintiff's treatment was conservative and sporadic, and that plaintiff's fatigue improved in response to thyroid medication. (Tr. 23, 329, 331). The ALJ incorrectly found that the record does not reveal complaints of dizziness prior to the date last insured. Prior to her restated alleged onset date, plaintiff complained to Dr. Porter of dizziness and palpitations on August 20 and September 4, 1996. (Tr. 20, 136-97). Citing to the Internet, <http://www.americanheart.org/presenter.jhtml?identifier=4752> (visited June 1, 2007), plaintiff argues that dizziness is a

2 - ORDER

symptom of pulmonary hypertension.  The ALJ's failure to acknowledge these complaints is harmless error.  The ALJ correctly determined that plaintiff was not diagnosed with pulmonary hypertension until 2002, after her date last insured.  The medical evidence documents plaintiff's activities, including owning and running a plant nursery, babysitting an infant grandchild, exercising, performing household chores and driving, through plaintiff's date last insured.  (Tr. 23, 153, 323, 325, 331).  These activities are inconsistent with plaintiff's stated degree of limitations.

   The ALJ stated sufficient reasons to reject Dr. Porter's August 2004 (Tr. 365-72) and April 4, 2005 (Tr. 414) opinions that plaintiff has been unable to work since 1994 due to symptoms of pulmonary hypertension.[1]  The medical expert contradicted Dr. Porter's opinions.  While the ALJ did not acknowledge that plaintiff complained to Dr. Porter of dizziness and palpitations in August and September 1996 (Tr. 136-37) the ALJ correctly found that the medical record does not document complaints of shortness of breath through the date last insured.  This undermines Dr. Porter's 2005 opinion that plaintiff complained of shortness of breath since 1994.  The ALJ specifically referenced Dr. Porter's

---

[1]Although the ALJ stated that plaintiff did not begin treatment with Dr. Porter until August 2001, the ALJ's decision elsewhere acknowledges that Dr. Porter treated the plaintiff before that date.  (Tr. 23-24).

3 - ORDER

December 1999 note that plaintiff did not have shortness of breath. The medical records evince activities through the date last insured, noted above, that are inconsistent with a determination of disability since 1994.

Because she did not find plaintiff disabled as of the date last insured, the ALJ was not required by agency policy to inquire of a medical expert as to when disability commenced. See SSR 83-20.

Plaintiff does not demonstrate that the decision of the Commissioner is the result of material legal error or unsupported by substantial evidence.

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed. This proceeding is dismissed.

IT IS SO ORDERED.

DATED this __5th__ day of December, 2007.


                                              __s/ Michael R. Hogan__
                                              United States District Judge